UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DESIREE M. H., )<br>)<br>        **Plaintiff** )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, )<br>*Acting Commissioner of Social Security*, )<br>)<br>        **Defendant** ) | No. 1:18-cv-00193-LEW |

## REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the basis that, in determining her residual functional capacity ("RFC"), the ALJ erred in evaluating both the opinion evidence and her subjective allegations. *See* Itemized Statement of Specific Errors ("Statement of Errors") (ECF No. 15) at 5-12. I find no error and, accordingly, recommend that the court affirm the commissioner's decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

Act through December 31, 2013, Finding 1, Record at 16; that she had the severe impairments of anxiety disorder, affective disorder, and substance abuse disorder in remission, Finding 3, *id.* at 17; that she had the RFC to perform a full range of work at all exertional levels but was restricted from exposure to unprotected heights, could not operate dangerous machinery, was limited to performing simple, routine tasks that are not done at a production pace, such as assembly line work, could have no interaction with the public, could interact with coworkers and supervisors occasionally on an ongoing basis and frequently for brief periods, including an initial training period of up to 30 days, was precluded from telephone communication, could have no more than occasional oral communication, and was limited to making simple work-related decisions, Finding 5, *id.* at 19; that, considering her age (26 years old, defined as a younger individual, on her alleged disability onset date, July 1, 2011), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id.* at 24; and that she, therefore, had not been disabled from July 1, 2011, her alleged onset date of disability, through the date of the decision, August 25, 2017, Finding 11, *id.* at 25. The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support

the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Weighing of Opinion Evidence

In evaluating the plaintiff's RFC, the ALJ explained that he gave the "greatest weight" to the May 10, 2017, opinion of agency nonexamining consultant P. Walls, M.D., Record at 22, 1457-95,[2] "significant weight" to the December 12, 2013, opinion of agency nonexamining consultant Leigh Haskell, M.D., and the July 22, 2014, opinion of agency nonexamining consultant Brian Stahl, Ph.D., *id.* at 22, 82-84, 110-12, "less weight" to the opinion of Royal Grueneich, Ph.D., who conducted a neurological examination of the plaintiff in December 2014, *id.* at 23, 786-91, and "little weight" to the December 3, 2013, opinion of agency examining consultant James R. Werrbach, Ph.D., *id.* at 23, 668-72.

The plaintiff asserts that this weighing of evidence is fatally flawed primarily because the ALJ disregarded what her counsel described, at oral argument, as the most material objective evidence of record: results of objective neuropsychological testing by Dr. Grueneich that she

---

[2] Dr. Walls supplied two mental RFC assessments, one for the period through the plaintiff's date last insured for SSD benefits, December 31, 2013, and the other for the period from January 1, 2014, through May 10, 2017. *See* Record at 1473-75, 1493-95. Because there is no need to parse the differences between them, I refer to them as Dr. Walls's "opinion."

3

contends corroborate severe deficits in memory and concentration noted by Dr. Werrbach. *See also* Statement of Errors at 8-9. The plaintiff's counsel asserted that this error was not rendered harmless by the ALJ's reliance on the Haskell, Stahl, and Walls opinions because the Grueneich opinion postdated those of Drs. Haskell and Stahl, and Dr. Walls ignored it, as a result of which those opinions cannot serve as substantial evidence of the plaintiff's mental RFC. I find no error.

Dr. Grueneich noted that the plaintiff "show[ed] evidence of a traumatic brain injury" associated with her use of bath salts in 2011, "manifested mainly in impairment of her speech and difficulties with word finding, though she may also be exhibiting some difficulties with attention and verbal short-term memory skills." Record at 790. He reported that the results of neuropsychological testing indicated that her "cognitive skills fall mainly in the average to low average range," with significant deficits in word-retrieval skills and fine motor dexterity. *Id*. at 789-80. He added, "[O]f note, [the plaintiff] reported that she has had problems with attention and concentration since her bath salts incident, and qualitatively, she appeared to have some lapses in attention during the current evaluation." *Id*. at 790. He summarized, "The effects of the presumed vascular event in 2011 appear to be relatively focal, as the cognitive effects from this are limited mainly to word-finding difficulties (though these may also include deficits in her attention skills and some subtle deficits in verbal short-term memory skills)." *Id*.

He opined:

> [The plaintiff] is currently not capable of gainful employment due to the impact of her dysarthric speech, which adversely affects prospective employer[s'] views of her, and of her symptoms of depression and anxiety. However, with the exception of difficulties with word-finding and possibly also with attention, her cognitive skills are intact, and if she is able to achieve a reduction of her level of depression and anxiety, she has good potential for returning to work with assistance (e.g., through support from Vocational Rehabilitation services).

*Id*. at 791.

Dr. Grueneich himself, thus, did not attribute any disability to cognitively-based difficulty with memory and concentration but, rather, to "the impact of her dysarthric speech, which adversely affects prospective employer[s'] views of her, and of her symptoms of depression and anxiety." *Id*. The ALJ noted as much, observing: "Dr. Grueneich also stated that[,] with the exception of word finding and possibly attention, [the plaintiff's] cognitive skills were intact." *Id*. at 23 (citation omitted).

The ALJ then adequately addressed every basis supplied by Dr. Grueneich for his opinion, noting that (i) "the [plaintiff]'s speech was only slightly slurred at the hearing, and largely undetectable during her testimony[,]" (ii) "the ability to get a job, including a negative impression from a perspective employer, is not a[n] [RFC] consideration[,]" and (iii) the commissioner's regulations "do not consider if a prospective employer would hire a claimant." *Id*. Indeed, the plaintiff does not challenge these rationales. *See* Statement of Errors at 8-9.

In these circumstances, as the commissioner contends, *see* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 17) at 6-8, and her counsel emphasized at oral argument, the fact that Drs. Haskell and Stahl did not have the benefit of review of the Grueneich opinion and that Dr. Walls did not address it is immaterial, *see, e.g., Vining v. Astrue*, 720 F. Supp.2d 126, 133 (D. Me. 2010) (when ALJ supportably discounted opinion of treating physician, the fact that agency nonexamining consultant had not seen that opinion had "no bearing on the question of whether [the consultant's] own report c[ould] serve as substantial evidence of the [claimant]'s mental RFC"); *see also, e.g., Ball v. Soc. Sec. Admin. Comm'r*, No. 2:14-cv-61-JDL, 2015 WL 893008, at *6 (D. Me. Mar. 2, 2015) (fact that agency nonexamining consultant had not seen treating physician's opinion was "immaterial" when ALJ supportably gave that

5

opinion little weight); *Strout v. Astrue*, Civil No. 08-181-B-W, 2009 WL 214576, at *9 (D. Me. Jan. 28, 2009) (rec. dec., *aff'd* Mar. 5, 2009) (same).

The plaintiff's remaining criticisms of the ALJ's weighing of the opinion evidence do not warrant remand. She argues that the ALJ's reliance on the Walls opinion was further undermined by Dr. Walls's lack of any narrative supporting explanation or any indication of "thorough consideration" not only of the Grueneich opinion but also of the Werrbach opinion. Statement of Errors at 7-8. This amounts to an unavailing invitation to the court to reweigh the evidence, *see, e.g., Rodriguez,* 647 F.2d at 222 ("The Secretary may (and, under his regulations, must) take medical evidence. But the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for him, not for the doctors or for the courts."); *Malaney v. Berryhill*, No. 2:16-cv-00404-GZS, 2017 WL 2537226, at *2 (D. Me. June 11, 2017) (rec. dec., *aff'd* July 11, 2017), *aff'd*, No. 17-1889, 2019 WL 2222474 (1st Cir. May 15, 2019) ("The mere fact that a claimant can point to evidence of record supporting a different conclusion does not, in itself, warrant remand."). In any event, as the commissioner observes, *see* Opposition at 5, Dr. Grueneich did provide a narrative explanation for his findings, including his reasons for discounting the Werrbach opinion, *see* Record at 1471, 1491.

The plaintiff next asserts that Drs. Haskell and Stahl overlooked Dr. Werrbach's notation that, on mental status examination, she initially lost track of what she was saying and had to be prompted by the social worker who accompanied her during the interview. *See* Statement of Errors at 8. However, as the commissioner notes, *see* Opposition at 8, both Drs. Haskell and Stahl expressly considered the Werrbach report and explained that they deemed it inconsistent with the totality of the evidence and heavily reliant on the plaintiff's self-reports, *see* Record at 82, 113. These are well-recognized bases even for an ALJ to discount a treating physician's opinion. *See,*

*e.g., Chretien v. Berryhill*, No. 1:16-cv-00549-JAW, 2017 WL 4613196, at *7 (D. Me. Oct. 15, 2017) (rec. dec., *aff'd* Mar. 20, 2018). In the circumstances, this argument amounts to an invitation to the court not only to reweigh the evidence, *see, e.g.*, *Rodriguez,* 647 F.2d at 222; *Malaney*, 2017 WL 2537226, at *2, but also to substitute its judgment for that of experts.

The plaintiff finally argues that, in weighing the Werrbach opinion, the ALJ, like Drs. Haskell and Stahl, overlooked some of Dr. Werrbach's findings on mental status examination, and also erroneously relied on asserted inconsistencies between the Werrbach opinion and her treatment history and activities. *See* Statement of Errors at 9-10. The first point is without merit for the reasons discussed above, and the plaintiff identifies no evidence in support of the second point apart from her own testimony. *See id.* While she separately challenges the ALJ's evaluation of her subjective statements, *see id.* at 10-12, that point of error is unavailing for the reasons discussed below. Finally, as the commissioner argues, *see* Opposition at 12-13, even had the ALJ erred in his handling of the Werrbach opinion, his reliance on the Haskell and Stahl opinions would have rendered any error harmless, *see, e.g., Brooks v. Berryhill*, No. 2:16-cv-00553-NT, 2017 WL 4119587, at *5 (D. Me. Sept. 17, 2017) (rec. dec., *aff'd* Oct. 4, 2017) (ALJ's error in failing to address agency examining consultant's opinion harmless when ALJ relied on opinions of experts, including agency nonexamining consultants, who had considered it).

Remand, accordingly is unwarranted on the basis of the ALJ's asserted improper weighing of the opinion evidence.

### B. Evaluation of Plaintiff's Subjective Statements

The plaintiff next, and finally, contends that the ALJ erred in three respects in discounting her subjective allegations, warranting remand. *See* Statement of Errors at 10-12. Again, I find no error.

7

The plaintiff first asserts that, in violation of Social Security Ruling 16-3p ("SSR 16-3p"), the ALJ disregarded her statements concerning the intensity, persistence, and limiting effects of her symptoms solely because they were not substantiated by the objective medical evidence. *See id*. at 12. However, as the commissioner rejoins, *see* Opposition at 14-15, that was not the case. The ALJ also cited the plaintiff's daily activities, response to medication and other treatment, and ability to cope with recent social stressors. *See* Record at 17-18, 21-22.

The plaintiff next contends that the ALJ erroneously failed to evaluate the Grueneich and Werrbach evidence of her concentration and memory impairments. *See* Statement of Errors at 12. This point founders for the reasons discussed above.

The plaintiff, finally, argues that, in violation of SSR 16-3p, in relying on her "recent 'demonstrated abilities[,]'" the ALJ failed to consider that an individual's symptoms may vary in intensity and that she may have structured her regular activities in a limited manner to avoid exacerbating her symptoms. *Id*. (quoting Record at 23). In so arguing, she identifies no particular evidence that the ALJ overlooked. *See id*. In any event, as the commissioner observes, *see* Opposition at 16, the ALJ expressly considered the variability of the plaintiff's symptoms and her ability to perform daily activities across the relevant period, citing her own reports regarding those activities, *see* Record at 21-22.[3]

Remand, accordingly, is unwarranted on the basis of the ALJ's asserted erroneous evaluation of the plaintiff's subjective statements.

---

[3] In the alternative, as the commissioner observes, *see* Opposition at 16, even had the ALJ erred in one or more of these respects, the plaintiff does not challenge much of the substance of his evaluation of her subjective complaints, *compare* Statement of Errors at 10-12 *with* Record at 21-22, a situation in which this court has found that an ALJ's analysis "easily survives the applicable, deferential standard of review[,]" *Brown v. Berryhill*, No. 1:17-cv-00196-JAW, 2018 WL 1891572, at *6 (D. Me. Apr. 20, 2018) (rec. dec., *aff'd* May 9, 2019) (citation and internal quotation marks omitted).

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 24th day of May, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge